UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**DEBRA HARDESTY**

    Plaintiff

v.                              Civil Action No.: 2:05-0437

**LOGAN REGIONAL MEDICAL CENTER
and KEVIN FOWLER**

    Defendants

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's motion to remand, filed June 27, 2005.

I.

Plaintiff Debra Hardesty is a former employee of defendant Logan Regional Medical Center ("Logan"). On April 26, 2004, while in the course of performing her duties as a cash processing analyst, Hardesty was injured. (Am. Compl. ¶ 5.) Upon announcing her intention to file a Worker's Compensation claim, a representative of Logan requested Hardesty exhaust her accrued vacation time instead of filing the claim. (Id. ¶ 9.) Hardesty declined the request, and instead filed a Worker's Compensation claim for which she ultimately received benefits and

1

leave. (Id. ¶ 10; Defs.' Resp. at 1.) On August 23, 2004, Hardesty was released to return to work and was informed by Logan that her former position as a cash processing analyst was no longer available. (Id. ¶ 12.) Logan then offered Hardesty a position in the cashier's department; however, Hardesty refused the offered position as inferior to her previous position as a cash processing analyst. (Id. ¶ 14.) On August 26, 2004, Logan terminated Hardesty. (Id. ¶ 16.)

On November 15, 2004, Hardesty filed her original complaint in the Circuit Court of Logan County. The complaint alleged that (1) Logan and Kevin Fowler, the CEO of Logan, failed to provide Hardesty with a "comparable position" of employment as required under W. Va. Code § 25-5A-3(b) and (2) that Logan failed to give Hardesty "all compensation due" to her in a timely manner as required by Section 21-5-4 of the West Virginia Wage Payment and Collection Act. (Compl. ¶¶ 15, 17.) On May 2, 2005, Hardesty filed a motion to amend her complaint to add a claim for outstanding wages under the West Virginia Wage Payment and Collection Act, because she regularly worked through her 30-minute lunch break and, accordingly, worked eight and one-half hour shifts but was paid for only eight hours of work. (Pl.'s Memo. at 2; Am. Compl. ¶ 17.) The Logan County Circuit Court

granted the motion to amend and Hardesty filed her first amended complaint on May 18, 2005.  (Pl.'s Memo. at 2.)

On May 27, 2005, the defendants removed the case claiming federal question jurisdiction was proper inasmuch as Hardesty's entitlement to compensation arises, if at all, under the Fair Labor Standards Act ("FLSA").  (Defs.' Not. of Remov. at 2.)  Hardesty's motion to remand also seeks costs for defendants' allegedly improvident removal.

II.

Title 28 U.S.C. § 1441(a) governs federal removal jurisdiction.  The statute provides pertinently as follows:

> [A]ny civil action brought in a State court of which
> the district courts of the United States have original
> jurisdiction, may be removed by the . . . defendants .
> . . to the district court of the United States for the
> district and division embracing the place where such
> action is pending. . . .

28 U.S.C. § 1441(a).  One source of original jurisdiction is 28 U.S.C. § 1331, which provides "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Accordingly, "removal is appropriate if the face of the complaint raises a federal question."  Lontz v. Tharp, 413 F.3d 435, 439 (4th Cir. 2005).

3

Our court of appeals discussed recently the well-pleaded complaint doctrine:

> In determining whether a plaintiff's claim arises under federal law, we apply the well-pleaded complaint rule, which holds that courts "ordinarily . . . look no further than the plaintiff's [properly pleaded] complaint in determining whether a lawsuit raises issues of federal law capable of creating federal-question jurisdiction under 28 U.S.C. § 1331." Custer v. Sweeney, 89 F.3d 1156, 1165 (4th Cir. 1996). Thus, in examining the complaint, our first step is to "discern whether federal or state law creates the cause of action." Mulcahey, 29 F.3d at 151; see also Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004) ("The vast majority of lawsuits 'arise under the law that creates the cause of action.' ") (quoting Am. Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260, 36 S.Ct. 585, 60 L.Ed. 987 (1916)). If federal law creates a plaintiff's claim, then removal is proper. Mulcahey, 29 F.3d at 151. The general rule, of course, is that a plaintiff is the "master of the claim," and he may "avoid federal jurisdiction by exclusive reliance on state law" in drafting his complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

Pinney v. Nokia, Inc., 402 F.3d 430, 442 (4th Cir. 2005); see also Mid Atlantic Med. Servs., LLC v. Sereboff, 407 F.3d 212, 218 n.5 (4th Cir. 2005) ("Section 1331 of Title 28 provides the federal courts with jurisdiction over 'all civil actions arising under the Constitution, laws, or treaties of the United States.' A case arises under the laws of the United States within § 1331 only if it is apparent from the face of a well-pleaded complaint that the plaintiff's cause of action was created by federal law,

4

'unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose.'") (quoted authority omitted).

As an additional overlay, our court of appeals has observed time and again that it is obliged to construe removal jurisdiction strictly:

> We have noted our obligation "to construe removal jurisdiction strictly because of the 'significant federalism concerns' implicated" by it. Maryland Stadium Auth. v. Ellerbe Becket Inc., 407 F.3d 255, 260 (4th Cir. 2005) (quoting Mulcahey, 29 F.3d at 151). . . . Consistent with these principles, we have recognized that state law complaints usually must stay in state court when they assert what appear to be state law claims. See, e.g., Harless v. CSX Hotels, Inc., 389 F.3d 444, 450 (4th Cir.2004); King, 337 F.3d at 424; Darcangelo v. Verizon Communications, Inc., 292 F.3d 181, 186 (4th Cir. 2002); Cook v. Georgetown Steel Corp., 770 F.2d 1272, 1274 (4th Cir. 1985).

Lontz, 413 F.3d at 440.

### III.

Hardesty's amended complaint relies exclusively on state law and does not allege any violation of the FLSA. The relevant portion of Count II of Hardesty's amended complaint alleges that:

> Defendant did not pay to the Plaintiff all wages, including fringe benefits, within seventy-two (72) hours of the Plaintiff's final hour of employment, in violation of the Wage Payment and Collection Act, W. Va. Code 21-5-1 et. seq., and

>W. Va. C.S.R. 42-5-13.1.

(Am. Compl. ¶ 24.) Count III of Hardesty's amended complaint asserts that:

> Defendant did not pay to the Plaintiff wages due and owing to her as of the date of her separation from employment in violation of the Wage Payment and Collection Act, W. Va. Code § 21-5-1, et seq.
>
> By this claim, Plaintiff is not seeking nor will she accept payment of any overtime wages. Plaintiff is only seeking payment of wages at her normal hourly rates.[1]

(Id. ¶¶ 26, 27.)

Defendants argue that Hardesty's Count II and III claims under the West Virginia Wage Payment and Collection Act fail as the term "employer," as defined by that Act, does not include an entity where eighty percent of the persons employed are subject to any federal act relating to minimum wage, maximum hours and overtime compensation. See W. Va. Code 21-5C-1(e). Inasmuch as over 80% of Logan's employees are subject to the FLSA, including plaintiff during her employment, defendants argue Hardesty's entitlement to wages arises, if at all, under the

---

[1] With this paragraph Hardesty appears to be disclaiming her entitlement to a higher hourly rate for working over forty hours a week. Both state and federal law provide an employee working in excess of forty hours per week shall be compensated at "a rate not less than one and one-half times the regular rate at which he is employed." W. Va. Code § 21-5C-3(a); 29 U.S.C. § 207(a)(1).

FLSA.  Defendants further note that Hardesty's attempt to defeat removal by "waiving" her rights to overtime pay is invalid inasmuch as, defendants contend, FLSA rights cannot be waived.

The court begins its analysis by noting that defendants correctly concede that the FLSA does not preempt Hardesty's state law claims for wages.  It is well established that the FLSA, in its core areas of protection -- minimum wage and overtime regulation -- has a relatively narrow pre-emptive effect as it does not completely preempt state laws but only preempts them to the extent that they are less generous than the FLSA. 29 U.S.C. § 218(a); Morales v. Showell Farms, Inc., 910 F. Supp. 244, 248 (M.D.N.C. 1995) (comparing the narrow pre-emptive effect of the FLSA to the broad pre-emptive effect of ERISA).  Given the lack of complete preemption of state wage and hour claims, Hardesty's claims under state law are not automatically converted into federal claims unless the governing state law is less generous than the FLSA.  With respect to Hardesty's limited claims, state law is not less generous than federal law.

Furthermore, Hardesty's claims fit squarely within the well-pleaded complaint rule.  Hardesty has brought her claims exclusively under state law and has even elected not to pursue a

higher overtime wage rate in what appears to be an effort to avoid the possibility of invoking federal jurisdiction. While defendants suggest that the FLSA right to overtime may not be waived, the two cases cited by defendants stand for the proposition that an employee cannot waive FLSA rights <u>by agreement</u> with an employer. <u>Brooklyn Sav. Bank v. O'Neil</u>, 324 U.S. 697, 710 (1945) (employee's agreement with employer to waive employee's right to liquidated damages under the FLSA was invalid); <u>Dorosiewicz v. Kayser-Roth Hosier, Inc.</u>, 823 F.2d 546, (4th Cir. 1987) (unpublished opinion) (addressing the waiver of an ADEA claim by agreement and citing <u>O'Neil</u> for the proposition that FLSA rights may not be waived). Indeed, defendants cite no case for the proposition that an employee is required to bring suit under federal law to recover "wages due." Inasmuch as no federal question appears on the face of Hardesty's well-pleaded complaint, this court lacks jurisdiction over her claims.

Defendants nevertheless seek to circumvent the application of both the well-pleaded complaint rule and settled law holding state wage claims are not completely preempted by the FLSA with their argument that Hardesty's claims arise under federal law. This argument fails inasmuch as a determination of whether Hardesty is entitled to wages under the West Virginia

8

Wage Payment and Collection Act can be made solely by reference to West Virginia law.  Even the statute that arguably exempts Logan is a state, not federal, statute.  Accordingly, as no reference to federal law is necessary to resolve the question of Hardesty's entitlement to wages or overtime, Hardesty's claim cannot be deemed to arise under federal law.

While it may very well be that Logan is exempt from the applicable sections of the West Virginia Wage Payment and Collection Act, the more appropriate course of action would have been for the defendants to seek dismissal of Hardesty's claims in state court.  Instead, the defendants, who acknowledge the state law claims are not preempted, have improperly requested in their response brief that this court dismiss the alleged state law claims, replace them with federal claims Hardesty has not alleged, and then use the phantom federal claims as the basis for this court's exercise of jurisdiction.  Such a request runs directly counter to the principle that the plaintiff is "master of the claim."  As this court has explained,

> [A] defendant cannot, merely by injecting a
> federal question into an action that asserts what
> is plainly a state-law claim, transform the
> action into one arising under federal law,
> thereby selecting the forum in which the claim
> shall be litigated.  If a defendant could do so,
> the plaintiff would be master of nothing.

9

Bailey v. Norfolk & Western Ry. Co., 842 F. Supp 218, 222 (S.D. W. Va. 1994) (Faber, J.).  See also Gully v. First Nat'l Bank in Meridian, 299 U.S. 109, 113 (1936) (the federal controversy cannot be "merely a possible or conjectural one").

Moreover, the only case discussed at any length by defendants, Wiley v. Trendwest Resorts, Inc., No. C 04-432 SBA, 2005 WL 1030220 (N.D. Cal. May 3, 2005), an unpublished opinion, does not support defendants' position.  In Wiley, the plaintiffs brought an action in state court seeking, among other things, payment of overtime under California statutory law for violations of the FLSA.  Id. at 2.  Defendants removed, alleging the presence of a federal question.  Id. at 2.  In holding subject matter jurisdiction was present, the court found that the resolution of plaintiffs' claim necessarily depended on a question of federal law, inasmuch as plaintiffs' entitlement to relief was dependent upon the applicability of the FLSA's "inside salesperson" exemption.  Id. at 3.

From these facts, it is clear defendants' reliance on Wiley is misplaced.  Unlike the plaintiffs in Wiley, Hardesty's complaint does not allege any violations of the FLSA, and to the extent any exemption applies, it is provided by state and not federal law.  In a case where a plaintiff brought claims solely

10

under state wage and hour statutes without any reference to the FLSA, remand has been found to be the proper course of action. In re Wal-Mart Employee Litigation, 271 F. Supp.2d 1080 (E.D. Wis. 2003).

For all the foregoing reasons, the court concludes that remand is appropriate.

IV.

Having found that this case should be remanded, the court now turns to Hardesty's request for "costs and actual expenses, including attorney fees" pursuant to 28 U.S.C. § 1447(c). Under 28 U.S.C. § 1447(c), a court remanding a case may "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has recently held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital, --- U.S. ----, 126 S.Ct. 704, 711 (2005). As the Supreme Court explained, this standard "recognizes the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to

afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." Id. at 711.

The court finds that the twin issues raised by the defendants as a basis for removal -- FLSA preemption supported by the exemption in the West Virginia Wage Payment and Collection Act and the lesser contention of waiver -- provided the defendants with an objectively reasonable basis for their removal petition even though neither ground proved persuasive with the court.

V.

For the reasons set forth, it is accordingly ORDERED that plaintiff's motion to remand be, and it hereby is, granted with each party to bear its own costs.

The Clerk is directed to forward copies of this order to all counsel of record.

DATED: April 21, 2006

John T. Copenhaver, Jr.
United States District Judge